# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **EUGENE ROBERTS,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:12-CV-1831-TWT** |
| v. | : | |
| | : | |
| **MARTA/ATU LOCAL 732,** | : | |
| **EMPLOYEES RETIREMENT PLAN,** | : | **[Magistrate Judge Baverman]** |
| *formerly d/b/a* **ATLANTA TRANSIT** | : | |
| **AUTHORITY/ATU LOCAL 732** | : | |
| **EMPLOYEE PENSION PLAN; and** | : | |
| **AMERICAN BENEFIT PLAN** | : | |
| **ADMINISTRATORS, INC /** | : | |
| **ADMINISTRATIVE SERVICES, INC,** | : | |
| | : | |
| **Defendants.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

This matter is before the Court for a frivolity review of Plaintiff's amended complaint. [Doc. 4]. For the reasons below, the undersigned **RECOMMENDS** that Plaintiff's action be **DISMISSED**.

## I.  Introduction

On May 25, 2012, Plaintiff, proceeding *pro se*, filed an IFP application seeking to bring a civil action against Defendants for violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 *et seq.* In his original complaint,

Plaintiff states that he "is seeking full pension benefit rights pursuant to the Benefit accrual Title 29 U.S.C. s1054." [Doc. 1-1 at 1]. Plaintiff contends that in May 2011 he filed an application for "full pension benefits" under the "MARTA Pension Plan" ("Plan") based on nineteen years of "vested" employment with "Metropolitan Atlanta Transit Authority/Atlanta Transit Authority" ("MARTA"). [*Id.*].[1] This request was denied because Plaintiff had purportedly withdrawn the "employee contribution portion" of the Plan and was therefore ineligible–in Plaintiff's words—"for participation in [the] Plan." [*Id.* at 2]. Plaintiff's appeal of the denial was also denied. [*Id.* at 3]. Relying on a document entitled "How to Appeal a Denial of Benefits," Plaintiff requested arbitration, and this was also denied. [*Id.* at 3]. Finally, "[h]aving exercised all remedies available under the terms of the Summary Plan . . . [,] [t]he plaintiff comes before this Court seeking restoration of Pension participation rights . . . pursuant to 29 U.S.C. s.1054(d) and (e)s." [*Id.* at 4].

On June 18, 2012, the undersigned granted Plaintiff's IFP application but determined that the Court was without sufficient information to conduct a proper

---

[1] Plaintiff worked for MARTA from November 1971 to September 1990. [Doc. 1-1 at 3].

AO 72A
(Rev.8/82)

frivolity review. [Doc. 2]. The undersigned therefore directed Plaintiff to replead his complaint:

> [I]t is not clear that Plaintiff is a "participant" under ERISA. More particularly, the absence of certain factual allegations make it impossible to determine whether Plaintiff has stated a plausible claim for relief. For instance, although it is obviously implied, nowhere does Plaintiff allege that he is in fact entitled to benefits under the Plan. Beyond that missing foundational allegation, he does not describe any terms of the Plan or how he falls within their scope such that he is entitled to benefits under the Plan. Also helpful in this regard would be allegations concerning the truth or falsity of the statement that Plaintiff withdrew his contributions to the Plan (or otherwise received a distribution under the Plan), along with the effect of such a withdrawal under the terms of the Plan. Plaintiff shall provide all of these details—along with any other details he believes might be relevant to his claim—in an amended complaint, within fourteen days.

[Doc. 2 at 8-9].

Plaintiff filed his amended complaint on July 5, 2012. In his amended complaint, he states—among other things—the following: (1) he resigned from MARTA in September 1990; (2) he accepted MARTA's offer to reimburse Plaintiff's contribution "to retirement annuity plus 5% accrued interest," and so Plaintiff received a check for $20,027.71, "representing his contribution to his Retirement annuity"; (3) "In 1994 the ERISA Act of 1994 was signed into Law. As stated in the preamble to the Law. A number of changes were made to protect employees rights to pension earned during

3

their respective careers."; (4) after becoming aware of the purported 1994 law, Plaintiff "contacted Plan administration requesting permission to refund money withdrew when he terminated his employment with MARTA," but the plan administrator rejected this request because "No provision in contract allowed for reimbursement." [Doc. 4 at 3]. Plaintiff contends that he is due a monthly pension of $1,615. [*Id.* at 4]. His requested relief is his pension, back payments from May 2011, and punitive damages "as defined by the 1994 act." [*Id.*].

## III. Frivolity Review

### A. Standard

Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). A plaintiff does not state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.' "

4

*Thompson v. Fernandez Rundle*, 393 Fed. Appx. 675, 678 (11th Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A *pro se* complaint is liberally construed. *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

### B. Analysis

Under ERISA, "A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B).

Unfortunately for Plaintiff, the amended complaint still does not establish that he has a plausible claim for relief under ERISA. Plaintiff suggests that he may recover under the "ERISA Act of 1994," [Doc. 4 at 3], but it is not clear what he is referring to, given that ERISA was enacted in 1974. Because of his reference to the law's preamble—indicating, in Plaintiff's words, that "[a] number of changes were made to protect employees rights to pension earned during their respective careers," [*id.*]—Plaintiff may be referring to the Pension Annuitants Protection Act of 1994 ("PAPA"), which amended ERISA, and whose preamble states that it is "[a]n Act to amend the Employee Retirement Income Security Act of 1974 in order to provide for the availability of remedies for certain former pension plan participants and

5

beneficiaries," Pub. L. No. 103-401, 108 Stat. 4172 (1994). On its face, the preamble of the PAPA does seem relevant to Plaintiff's action, given that he appears to be a former pension plan participant or beneficiary, given his contributions to the Plan and his agreement to a disbursement under it. But the substance of the PAPA does not appear to apply to this case; while the PAPA does provide an additional circumstance in which a civil action may be brought under ERISA, it is not clear how it is relevant here:

> A civil action may be brought–
>
> . . .
>
> (9) in the event that the purchase of an insurance contract or insurance annuity in connection with termination of an individual's status as a participant covered under a pension plan with respect to all or any portion of the participant's pension benefit under such plan constitutes a violation of part 4 of this title or the terms of the plan, by the Secretary, by any individual who was a participant or beneficiary at the time of the alleged violation, or by a fiduciary, to obtain appropriate relief, including the posting of security if necessary, to assure receipt by the participant or beneficiary of the amounts provided or to be provided by such insurance contract or annuity, plus reasonable prejudgment interest on such amounts . . . .

29 U.S.C. § 1132(a). Because this provision addresses the purchase of a insurance contract or insurance annuity, and because there is no indication that these are applicable to this case, this provision added by the PAPA does not appear to include

6

Plaintiff within its scope. Thus, the PAPA does not provide Plaintiff a plausible claim for relief.

Nor has Plaintiff otherwise established a claim for relief, because it is not clear that he is a "participant" within the meaning of ERISA. For the purposes of ERISA, "participant" means

> any employee or *former employee* of an employer, or any member or former member of an employee organization, *who is or may become eligible to receive a benefit of any type from an employee benefit plan* which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7) (emphasis added). Although this definition is circular—"defining the right to sue in terms of actual substantive entitlement," *Bass v. Retirement Plan of Conoco, Inc.*, 676 F. Supp. 735, 740 (W.D. La. 1988)—the Supreme Court has somewhat clarified the meaning of this term:

> In our view, the term "participant" is naturally read to mean either "employees in, or reasonably expected to be in, currently covered employment," *Saladino v. I.L.G.W.U. National Retirement Fund*, 754 F.2d 473, 476 (CA2 1985), or former employees who "have . . . a reasonable expectation of returning to covered employment" or who have "a colorable claim" to vested benefits, *Kuntz v. Reese*, 785 F.2d 1410, 1411 (CA9) (*per curiam*), cert. denied, 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986). In order to establish that he or she "may become eligible" for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements

7

> will be fulfilled in the future. "This view attributes conventional meanings to the statutory language since all employees in covered employment and former employees with a colorable claim to vested benefits 'may become eligible.' A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply does not fit within the [phrase] 'may become eligible.' " *Saladino v. I.L.G.W.U. National Retirement Fund*, *supra*, at 476.

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989). Here, there is no indication from the amended complaint that Plaintiff "is or may become eligible to receive a benefit" from the Plan, because there is no indication that Plaintiff has a reasonable expectation of returning to covered employment or that he has a colorable claim to vested benefits. Although it is not entirely clear, Plaintiff appears to have sought re-entry into the Plan after accepting MARTA's offer to reimburse him for his earlier contributions: Plaintiff states that he "contacted Plan administration requesting permission to refund money withdrew when he terminated his employment with MARTA," but this request was denied because "[n]o provision in contract allowed for reimbursement." [Doc. 4 at 3]. Although Plaintiff has appropriately supplied the Court with these additional facts, they do not show how Plaintiff has a plausible claim for relief under ERISA or how MARTA's determination was otherwise unlawful.

8

Even looking back to the original complaint—which identified specific provisions under which relief was sought—does nothing to save the amended complaint. In the original complaint, Plaintiff states that he is "seeking full pension benefit rights" under 29 U.S.C. § 1054. [Doc. 1-1 at 1]. He also states that he is "seeking restoration of Pension participation rights . . . pursuant to 29 U.S.C. s.1054(d) and (e)s." [*Id.* at 4].[2] It is not clear how those provisions are relevant, however.

---

[2] Those provisions state the following:

(d) Employee service which may be disregarded in determining employee's accrued benefits under plan

Notwithstanding section 1053(b)(1) of this title, for purposes of determining the employee's accrued benefit under the plan, the plan may disregard service performed by the employee with respect to which he has received–

    (1) a distribution of the present value of his entire nonforfeitable benefit if such distribution was in an amount (not more than the dollar limit under section 1053(e)(1) of this title) permitted under regulations prescribed by the Secretary of the Treasury, or

    (2) a distribution of the present value of his nonforfeitable benefit attributable to such service which he elected to receive.

Paragraph (1) shall apply only if such distribution was made on termination of the employee's participation in the plan. Paragraph (2) shall apply only if such distribution was made on termination of the employee's participation in the plan or under such other circumstances as may be provided under regulations prescribed by the Secretary of the

9

<u>Subsection (d) indicates</u> that an employer may disregard service performed by an

Treasury.

(e) Opportunity to repay full amount of distributions which have been reduced through disregarded employee service

For purposes of determining the employee's accrued benefit, the plan shall not disregard service as provided in subsection (d) of this section unless the plan provides an opportunity for the participant to repay the full amount of a distribution described in subsection (d) of this section with, in the case of a defined benefit plan, interest at the rate determined for purposes of subsection (c)(2)(C) of this section and provides that upon such repayment the employee's accrued benefit shall be recomputed by taking into account service so disregarded. This subsection shall apply only in the case of a participant who–

(1) received such a distribution in any plan year to which this section applies, which distribution was less than the present value of his accrued benefit,

(2) resumes employment covered under the plan, and

(3) repays the full amount of such distribution with, in the case of a defined benefit plan, interest at the rate determined for purposes of subsection (c)(2)(C) of this section.

The plan provision required under this subsection may provide that such repayment must be made (A) in the case of a withdrawal on account of separation from service, before the earlier of 5 years after the first date on which the participant is subsequently re-employed by the employer, or the close of the first period of 5 consecutive 1-year breaks in service commencing after the withdrawal; or (B) in the case of any other withdrawal, 5 years after the date of the withdrawal.

29 U.S.C. § 1054(d), (e).

10

AO 72A
(Rev.8/82)

employee with respect to which he has received a distribution, 29 U.S.C. § 1054(d), and subsection (e) provides that the plan may not disregard service under subsection (d) unless the plan provides an opportunity for the employee to repay the full amount of a distribution described in subsection (d) and further provides that the employee's accrued benefit would then be recomputed by taking into account the service otherwise disregarded, 29 U.S.C. § 1054(e). Plaintiff may be attempting to bring himself under this subsection, because the amended complaint does reference "lost time" and an attempt to repay the distribution he received upon his resignation (through agreement with MARTA), [Doc. 4 at 2, 3], but subsection (e) does not apply to Plaintiff, because it only applies to a "participant" who "resumes employment covered under the plan," 29 U.S.C. § 1054(e)(2), and there is no indication that Plaintiff has done so.

For all these reasons, the undersigned concludes that Plaintiff has not stated a plausible claim for relief under ERISA. The amended complaint therefore cannot survive this frivolity review and must be dismissed.[3]

---

[3] Although Plaintiff appears to have exited the Plan upon receiving a distribution in 1990, it is not clear that any applicable statute of limitations has run. ERISA establishes a three- or six-year statute of limitations with respect to a breach of fiduciary duty, 29 U.S.C.§ 1113, but "ERISA contains no statute of limitations for claims challenging a denial of benefits under 29 U.S.C. § 1132(a)(1)(B)," *Williams v. MetLife Disability*, No. 3:11-cv-249, 2012 WL 2976856, at *3 (S.D. Ohio July 20, 2012), the provision relevant in this case. Given that ERISA does not provide its own

11

AO 72A
(Rev.8/8
2)

### III. Conclusion

For the reasons above, the undersigned **RECOMMENDS** that Plaintiff's action be **DISMISSED**.[4]

---

statute of limitations for the provision relevant to this case, "[c]ourts either borrow a closely analogous state limitations period, or they apply a contractually agreed upon period, provided it is reasonable," *Bennett v. Metro. Life Ins. Co.*, 383 Fed. Appx. 870, 872 (11th Cir. June 17, 2010). "[W]here the parties have contractually agreed upon a limitations period, borrowing a state's statute of limitations is unnecessary." *Fetterhoff v. Liberty Life Assurance Co.*, 282 Fed. Appx. 740, 744 (11th Cir. June 17, 2008). In *Williams*, the plaintiff argued that Ohio's 15-year statute of limitations for breach of contract applied, but the court rejected that argument because the plan in that case had established a 3-year statute of limitations that superseded the statute of limitations under state law. *Williams*, 2012 WL 2976856 at *3. Because the Plan in this case might also establish a different statute of limitations than that of the most analogous state statute of limitations—in this case, Georgia's six-year statute of limitations for contract disputes, *see Harrison v. Digital Health Plan*, 183 F.3d 1235, 1239-41 (11th Cir. 1999)—and because it is not clear what the provision of the Plan are, the court is unable to determine the appropriate statute of limitations in this case.

[4] "Where it appears that a more carefully drafted complaint might state a claim, the district court should give a pro se plaintiff an opportunity to amend his complaint instead of dismissing it." *Schmitt v. U.S. Office of Personnel Mgmt.*, 403 Fed. Appx. 460, 462 (11th Cir. Nov. 23, 2010) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). Because Plaintiff has already had the opportunity to amend his complaint, his action should be dismissed.

12

The Clerk is **DIRECTED** to **TERMINATE** the referral to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this  3d  day of August, 2012.

**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)